JUSTICE NELSON
concurs.
¶39 I concur in the result of the Court’s Opinion, with the exception of the manner in which the Court has calculated the running of the statute of limitations at ¶¶ 25-26. It appears from the Court’s language that the date a completed claim is filed with the Montana Medical Legal Panel (MMLP) has some import. I disagree.
¶40 To recap the dates:
a. December 13,2000-Commission of alleged medical malpractice.
b. November 5, 2003-Cobb files her claim with the MMLP.
c. August 12, 2004-MMLP convenes and decides claim.
d. August 18, 2004-MMLP mails its decision to Cobb.
e. May 16, 2005-Cobb files suit against Salteil.
The statute of limitations, § 27-2-205, MCA, began running December 13,2000. Under the statute, Cobb had three years in which to file suit. *510 The statute is tolled, however, during the time that Cobb’s claim was before the MMLP and for 30 days after the MMLP rules. Section 27-6-702, MCA. Thus, Cobb’s statute of limitations was tolled from November 5, 2003. At that point in time she was still within the statute of limitations and, without tolling, still had 38 days to file suit. The MMLP ruled August 18, 2004. Adding 30 days to that date, the three-year statute of limitations began to run again on September 17, 2004. Since Cobb had 38 days left in which to file her suit, she had until October 25, 2004. Clearly her complaint filed May 16, 2005, was time-barred by nearly seven months.
¶41 Computing the running of the three-year statute of limitations in this fashion avoids the question of what constitutes a “complete” claim for MMLP purposes along with the inevitable wrangling that question will raise.
¶42 With this caveat, I otherwise concur in the Court’s Opinion.